**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

ALEJANDRO ANDRES PALMAR ROMERO,

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY CORRECTIONAL FACILITY, et al.,

Respondents.

Case No. 1:26-cv-02440-JLT-EGC

A-Number: 233-382-794

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Alejandro Andres Palmar Romero is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a native and citizen of Venezuela. (Doc. 9-1 at 2.) On December 23, 2023, Petitioner applied for admission with the U.S. Customs and Border Protection at the Miami, Florida Port of Entry and was paroled into the United States. (Doc. 9-2 at 2.) On September 22, 2024, Petitioner was arrested for Driving Under the Influence and operating a vehicle without insurance. (*Id.*; *see also* Doc. 9-4, FBI "RAP" Sheet). The next day, Petitioner was booked into

county jail on a warrant related to assault and discharge of a firearm offense. (*See* Doc. 9-3.) These charges were dismissed on March 20, 2025, without prejudice. (*Id.*) On April 2, 2025, Petitioner was encountered by immigration officials at the Salt Lake County Jail and was taken into immigration custody. (*See* Doc. 9-2 at 2.)

On May 15, 2025, an immigration judge ordered Petitioner released from immigration custody on a bond in the amount of $3,500. (Doc. 9-5 at 1.) As an express condition of that release the IJ ordered that Petitioner "shall not operate any vehicle until he obtains a valid state-issued driver's license." (*Id.*) On December 11, 2025, Petitioner was arrested for failing to stop at the command of law enforcement, providing false information to a peace officer, possession of a controlled substance, operating a vehicle without insurance, and driving on a suspended or revoked license. (Doc. 9-1 at 2.) On December 17, 2025, Petitioner was encountered by immigration authorities at the Salt Lake County Metro Jail, his release on bond was cancelled and he was taken into immigration custody. (*Id.*)

On March 30, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* generally, Doc. 1 at 2.) On April 24, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is governed by at 8 U.S.C. § 1225(b)(2)(A). (*See generally*, Docs. 9, 15.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents oppose habeas relief and maintain that Petitioner's re-detention pursuant to § 1225(b)(2)(A)) was justified due to Petitioner's violation of the express terms of his prior release

on bond. (Doc. 9 at 2-3.) Respondents concede (*see* Doc. 15 at 1), and the Court agrees, that the facts in this case are not substantively distinguishable from *Galindo Vega v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-03604 DC SCR, 2026 WL 1707804 (E.D. Cal. June 12, 2026), in that Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release and therefore "the proper remedy … is a post-deprivation bond hearing, not immediate release." 2026 WL 1707804, at *1. Thus, the Court adopts the due process reasoning from *Galindo Vega* and finds that though release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight.")

Because Respondents may well have a legitimate interest in Petitioner's detention based on the violation of his conditions of release on bond, the Court finds that the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above;
2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so

great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: September 9, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE